# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CYNTHIA M. YELVERTON,** | **CIVIL ACTION** |
| Plaintiff, | |
| *v.* | **NO. 19-6045-KSM** |
| **LABORATORY CORPORATION OF AMERICA HOLDINGS, d/b/a LABCORP OF AMERICA,** | |
| Defendant. | |

## MEMORANDUM

**MARSTON, J.**                                                                **May 8, 2020**

Plaintiff, a resident of Delaware, brought an action against her former employer,

Defendant Laboratory Corporation of America Holdings, alleging that she was discriminated and

retaliated against on the basis of her race, in violation of the Civil Rights Act of 1886, 42 U.S.C.

§ 1981; Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000d and 2000e *et*

*seq.*; and the Delaware Discrimination in Employment Act, Title 19, Del. Code § 710 *et seq.*

(Doc. No. 1 at pp. 5-7.)

Defendant filed a Motion to Transfer Venue, arguing that the case should be transferred

to the District of Delaware, pursuant to 28 U.S.C. § 1404(a)[1] because Plaintiff is a Delaware

---

[1] Although Defendant brought the motion to transfer venue pursuant to Section 1404(a), the motion implies that venue is improper in the Eastern District pursuant to 28 U.S.C. § 1406. (Doc. No. 6-2 at p. 2.) Also, in its Answer, Defendant asserts an affirmative defense that "[v]enue in the Eastern District of Pennsylvania is improper; the matter should be transferred to the U.S. District Court for the District of Delaware." (Doc. No. 7 at ¶ 51.) *See also id.* at ¶ 2 ("[I]t is specifically denied that venue is appropriate in the Eastern District of Pennsylvania."). Given the Court's analysis herein, however, venue is proper in the Eastern District and 1404(a) governs the determination of whether the case should be transferred.

resident, worked at Defendant's Delaware office during her tenure at the company, Defendant is a Delaware corporation, and the acts giving rise to the allegations in the Complaint all occurred in Delaware. (Doc. No. 6-2.)

Without addressing the merits of Plaintiff's claims, the Court finds that transfer to the District of Delaware is appropriate in this case.

### *Legal Standards*

"In federal court, venue questions are governed either by 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406(a)." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir. 1995). Under Section 1404(a), a district court may for the convenience of the parties and witnesses and in the interest of justice "transfer any civil action to any other district or division where it may have been brought or to any district or division to which all parties have consented." *See* 28 U.S.C. § 1404(a). Section 1404(a) governs transfer where "both the original and the requested venue are proper." *Jumara*, 55 F.3d at 878; *accord Cote v. U.S. Silica Co.*, Civil Action No. 18-0835, 2018 WL 3032866, at *1 (E.D. Pa. June 19, 2018) ("Analysis of a request for transfer under § 1404(a) generally has two components. First, both the original venue and the requested venue must be proper."). "Section 1406(a), on the other hand, applies where the original venue is improper[.]" *Jumara*, 55 F.3d at 878. Under Section 1406(a), the court may either dismiss the action or "if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Therefore, as a threshold matter, to determine whether transfer is appropriate under § 1404(a), we must first consider whether the original and requested venues are proper.

The general venue statute contained in 28 U.S.C. § 1391 governs Plaintiff's Civil Rights Act of 1886, 42 U.S.C. § 1981 and Delaware Discrimination in Employment Act, Title 19, Del.

Code § 710 *et seq.* claims.  Specifically, 28 U.S.C. § 1391 reads:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).  When an action involves a defendant corporation as in this case, the corporation is deemed to reside in any judicial district in which it is subject to personal jurisdiction.  28 U.S.C. § 1391(c).

In the underlying action, Plaintiff also brings a Title VII claim (*see* Doc. No. 1 at pp. 1, 6), and "Title VII contains a provision strictly limiting venue for civil rights actions."  *Silva v. Mayo Clinic*, No. Civ. A. 04-1519, 2004 WL 1563018, at *1 (E.D. Pa. July 13, 2004).  *See also Herzog v. Zales Corp.*, No. 15-1079, 2015 WL 344738, at *1 (E.D. Pa. May 29, 2015) ("Title VII contains an exclusive provision for cases brought within its ambit, rendering inapplicable the general venue provision of 28 U.S.C. § 1391." (internal quotation marks and citations omitted)); *Bowie v. U.S. Food Serv.*, Civil Action No. 08-05833, 2009 WL 637382, at *1 (E.D. Pa. Mar. 11, 2009).  The provision provides, in pertinent part:

> [A Title VII] action may be brought in [1] any judicial district in the State in which the unlawful employment practice is alleged to have been committed, [2] in the judicial district in which the employment records relevant to such practice are maintained and administered, or [3] in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought [4] within the judicial district in which the respondent has his principal office.  For purposes of sections 1404 and 1406 of title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.

42 U.S.C. § 2000e-5(f)(3).  Courts have recognized that "Title VII should be considered a principal cause of action whenever it is joined with a cause of action under 42 U.S.C. § 1981"

and that "proper venue must be established for that principal cause of action." *Hayes v. RCA Serv. Co.,* 546 F. Supp. 661, 664-65 (D.D.C. 1982).

Only once the Court determines that venue is proper in both forums, does the Court then conduct a balancing test to determine if transfer to a different forum is appropriate.

### Discussion

Despite the fact neither party addresses venue under 42 U.S.C. § 2000e-(5)(f)(3), the Court finds it controlling as to Plaintiff's Title VII claim. *See Silva*, 2004 WL 1563018, at *2. Plaintiff's Complaint alleges that Defendant maintains a principal place of business in Philadelphia, Pennsylvania within the Eastern District. (Doc. No. 1 at ¶ 4.) Although Defendant contends that this allegation is baseless,[2] Defendant fails to provide any affidavits or any other record evidence as to where it does (or does not) maintain its principal place of business. As such, the Court finds itself constrained. *See SMA Med. Labs. v. Advanced Clinical Lab. Sols., Inc.*, Civil Action No. 17-3777, 2018 WL 3388325, at *1 (E.D. Pa. July 12, 2018) ("In assessing a motion to transfer, 'all well-pleaded allegations in the complaint are generally taken as true unless contradicted by the defendant's affidavits, and the Court may examine facts outside the complaint to determine proper venue'" (citations omitted)); *Holiday v. Bally's Park Place, Inc.*, Civil Action No. 06-cv-4588, 2007 WL 2600877, at *1 (E.D. Pa. Sept. 10, 2007) (same). Accordingly, given Plaintiff's allegation as to Defendant's principal place of business in

---

[2] Defendant strongly disputes that it maintained a principal place of business in Pennsylvania. *See* Doc. No. 6-2 at p. 2 (noting that Plaintiff "baselessly" and "erroneously" alleges that "LabCorp maintains a principal place of business in Pennsylvania"); Doc. No. 7 at ¶ 4 (admitting that Defendant is a Delaware Corporation with its headquarters located in Burlington, North Carolina, but denying that it has a principal place of business in Philadelphia, Pennsylvania). The Court notes that in response, Plaintiff weakly counters that Defendant has "many offices in Pennsylvania." (Doc. No. 10 at p. 2.) It is a truism that a company could have "many offices" in a state yet still not have its principal place of business there or, more importantly, in the Eastern District specifically. *See, e.g.*, 42 U.S.C. § 2000e-5(3); *accord Solivan v. Valley Housing Dev.*, No. 3:CV-07-0845, 2008 WL 2412959, at *4 (M.D. Pa. June 11, 2008) ("Section 1391(b)(1) does not apply because, although both Defendants reside in Pennsylvania, neither Defendant resides in the Middle District.").

Philadelphia, the Court concludes that the original venue in the Eastern District is proper as to Plaintiff's Title VII claim.[3]

The Court also finds that as to Plaintiff's Title VII claim, venue is proper in the District of Delaware because Plaintiff worked out of Defendant's office in New Castle, Delaware and alleges that her supervisor harassed her and discriminated against her at work.  (*See* Doc. No. 1.) Further, Plaintiff herself alleges that Defendant also maintains a principal place of business in New Castle, Delaware.  (Doc. No. 1 at ¶ 4.)  *See* 42 U.S.C. § 2000e-5(f)(3); *Bowie*, 2009 WL 637382, at *4 (finding District of New Jersey to be proper venue where "the alleged unlawful practice, relevant employment records and primary place of employment were all in New Jersey"); *Silva*, 2004 WL 1563018, at *2 (finding venue proper in the District of Minnesota where the plaintiff's employment occurred exclusively in Rochester, Minnesota and where the defendant's principal place of business was in Rochester, Minnesota).

Likewise, venue for Plaintiff's remaining claims pursuant to the Civil Rights Act of 1886, 42 U.S.C. § 1981 and the Delaware Discrimination in Employment Act, Title 19, Del. Code § 710 *et seq.* is proper in both the Eastern District and the District of Delaware under 28 U.S.C. § 1391(b).  *See, e.g., Imani v. U-Haul Int'l, Inc.*, Civil Action No. 07-2231, 2007 WL 2595564, at *3-4 (E.D. Pa. Sept. 4, 2007) (analyzing Plaintiff's Title VII claim under the Title VII venue provision, and analyzing Plaintiff's 42 U.S.C. § 1981 and New York City Human Rights Law

---

[3]  In the alternative, even if we were to find that venue in the Eastern District was improper, the end result would be the same—we would transfer the case under Section 1406(a) to the District of Delaware, where venue is proper for the reasons discussed *infra*.  *See, e.g., Herzog*, 2015 WL 344738, at *1 (transferring the case to the District of Delaware under Section 1406(a) where the plaintiff worked in Defendant's Delaware store and alleged unlawful employment practices occurred at the Delaware store; where the plaintiff failed to argue that the records were not in that District; and where the plaintiff failed to argue that but for the unlawful employment action she would have worked anywhere other than Delaware); *Bowie*, 2009 WL 637382, at *4 ("In the interest of judicial economy and to spare Plaintiff the expense of commencing new litigation, this action shall be transferred to the District of New Jersey.").

claims under Section 1391); *Bragg v. Hoffman Homes, Inc.*, No. 04-CV-4984, 2005WL 272966, at *2 (E.D. Pa. Feb. 3, 2005) (explaining that "[v]enue must generally be established for each claim in a complaint" and analyzing the Title VII claim under the Title VII venue provision and the 42 U.S.C. § 1981 claim under Section 1391(b)). Again, as Defendant has offered no evidence to contradict, the Court accepts Plaintiff's allegation that Defendant has a principal place of business in the Eastern District and under § 1391(b), venue is proper in the Eastern District. Venue, however, is also proper in the District of Delaware as Plaintiff resides in Delaware; Defendant is incorporated in Delaware; Plaintiff worked for Defendant within the District of Delaware; and a substantial amount of (if not all) of the events giving rise to Plaintiff's claims occurred in Delaware. *See* 28 U.S.C. § 1391(b); *Jumara*, 55 F.3d at 878-89 ("Clearly, venue would be proper in the Middle District of Pennsylvania where the plaintiff resides, the defendant transacts business, the contract was signed, and events triggering the dispute occurred.")

Therefore, having made the threshold determination under § 1404(a) that venue is proper in both forums, the Court now considers the *Jumara* private and public interest factors to determine whether transfer to the District of Delaware under Section 1404(a) is appropriate in this case. *See Jumara*, 55 F.3d at 879.

In *Jumara*, the Third Circuit explained that the private interests include: (1) the "plaintiff's forum preference as manifested in the original choice"; (2) the defendant's forum preference; (3) "whether the claim arose elsewhere"; (4) "the convenience of the parties as indicated by their relative physical and financial condition"; (5) "the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora"; and (6) "the location of books and records (similarly to the extent that the files could

not be produced in the alternative forum)." *Id.*   The public interest factors include: (1) "the enforceability of the judgment"; (2) "practical considerations that could make the trial easy, expeditious, or inexpensive"; (3) "the relative administrative difficulty in the two fora resulting from court congestion"; (4) "the local interest in deciding local controversies at home"; (5) "the public policies of the fora"; and (6) "the familiarity of the trial judge with the applicable state law in diversity cases." *Id.*

We first address the private interest factors in turn.  Plaintiff's stated preference is the Eastern District, and the law is clear that "'a plaintiff's choice of forum is a paramount consideration in any determination of a transfer request, and that choice . . . should not be lightly disturbed.'" *Imani*, 2007 WL 2595564, at *4 (quoting *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970)).  Nonetheless, Plaintiff's choice is not dispositive.  *See Nathan v. Takeda Pharma. U.S.A., Inc.*, Civil Action No. 18-4547, 2019 WL 3216613, at *4 (E.D. Pa. July 17, 2019).  Indeed, "a plaintiff's choice receives less weight where none of the operative facts occurred in the selected forum," and such "deference is also reduced where the lawsuit is initiated outside the forum in which the Plaintiff is a resident." *Khaaliq v. Pa. State Univ.*, No. Civ.A. 02-CV-480, 2002 WL 1042349, at *2 (E.D. Pa. May 23, 2002) (internal quotation marks and citations omitted); *see also Nathan*, 2019 WL 3216613, at *4 (same).  Plaintiff pleads no facts that transpired in Pennsylvania, Plaintiff resides in Delaware, and Plaintiff—who brings employment discrimination claims—worked for Defendant in Delaware.  (Doc. No. 1.)  Because none of the operative facts occurred in the Eastern District, nor does Plaintiff reside in the Eastern District, Plaintiff's forum preference is entitled to minimal, if any, deference. *See*, *e.g.*, *Nathan*, 2019 WL 3216613, at *4 ("Since the EDPA does not have any substantive connection with the facts of the lawsuit, and Plaintiff does not reside in the EDPA, Plaintiff's choice of

venue in the EDPA is not afforded the usual strong preference or weight. Rather, given the facts alleged, Plaintiff's forum preference is given little to no deference."). Defendant's stated preference is the District of Delaware. (Doc. Nos. 6-2, 7.)

As for the third factor, the employment discrimination claim arose in Delaware, as Plaintiff worked out of Defendant's Delaware office at the time the events at issue allegedly transpired. (Doc. Nos. 1, 6-2.) Defendant correctly observes that "Plaintiff has not pled any activity whatsoever on the part of either Plaintiff or Defendant that took place in Pennsylvania." (Doc. No. 6-2 at p. 6; *see generally* Doc. No. 1.) Plaintiff even concedes that this factor weighs in favor of transfer. (Doc. No. 10 at p. 7 n.2.) The Court finds that this factor heavily weighs in favor of transfer. Next, Plaintiff claims that the Eastern District is a more convenient forum for her (Doc. No. 10), while Defendant asserts that the District of Delaware is more convenient for it (Doc. No. 6-2). The Court notes that the distance between the two courthouses is slight (approximately thirty-three miles), and as such, this factor does not merit much weight. *See Coppola v. Ferrellgas, Inc.*, 250 F.R.D. 195, 198 (E.D. Pa. 2008) ("[G]iven the proximity of the Eastern District of Pennsylvania and the District of New Jersey, Trenton Division (approximately thirty-two miles), factors related to the convenience of the parties do not render one forum significantly more convenient than the other."). As for the fifth factor, the Court observes that neither party represents that it intends to call non-party witnesses, and "the convenience of non-party witnesses is the main focus of this *Jumara* factor." *See Palagano v. NVIDIA Corp.*, Civil Action No. 15-1248, 2015 WL 5025469, at *6 (E.D. Pa. Aug. 15, 2015). Further, neither party claims that its own witnesses "may actually be unavailable for trial in one of the fora." *See Jumara*, 55 F.3d at 879. Accordingly, this factor is neutral. Defendant claims its relevant documents are located in its New Castle, Delaware office (*see* Doc. No. 6-2 at p. 7),

though the Court notes that the location of books and records factor is "limited to the extent that files could not be produced in the alternative forum," and neither party makes such a claim. *See Jumara*, 55 F.3d at 879; Doc. Nos. 6-2, 10. As a result, the Court finds this factor has a neutral effect as well.

As to the public interest factors, there is no likelihood of an enforcement problem in either fora, nor any clear difference in policy preferences for the two locales. Indeed, Defendant acknowledges these factors are neutral (*see* Doc. No. 6-2 at p. 9 n.1), and Plaintiff does not raise either factor in her response. In terms of practical considerations, as discussed *supra*, the distance between the Philadelphia, Pennsylvania and Wilmington, Delaware courthouses is minimal. The parties have not produced any evidence suggesting that access to proof or witnesses will be significantly impacted if this action is litigated in Philadelphia versus Wilmington. *See Coppola*, 250 F.R.D. 195, 200. Further, this action has been before this Court for a limited period of time, such that "transfer will not significantly disrupt the litigation or result in a waste of judicial resources." *Id.* (internal quotation marks and citations omitted).

"Although the relative congestion of court dockets may be evaluated in a motion to transfer, it generally is not a factor worthy of great weight." *Nathan*, 2019 WL 3216613, at *6 (internal quotation marks and citations omitted). As Plaintiff observes, the most recent National Judicial Caseload Profile indicates that there are 8,704 pending cases in the Eastern District (about 396 cases per Judge), and 2,582 pending cases in the District of Delaware (about 646 cases per Judge). *See* U.S. Dist. Cts. Nat. Judicial Caseload Profile (Dec. 31, 2019), *available at* https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile1231.2019.pdf. Although this factor is not given great weight, it weighs against transfer in this case. The Eastern District's interest in the case is extremely limited, given that none of the alleged events at issue

transpired in the District, nor is Plaintiff a Pennsylvania resident. The District of Delaware's interest in adjudicating the case is far stronger, since the case involves claims arising when Plaintiff, a Delaware resident, worked in Delaware for Defendant, a Delaware corporation. Plaintiff also asserts a claim under the Delaware Discrimination in Employment Act. (*See* Doc. No. 1 at ¶ 1, pp. 6-7.) Further, Plaintiff concedes that this factor weighs in favor of transfer. (Doc. No. 10 at p. 7 n.2.) The Court agrees. *See Nathan*, 2019 WL 3216613, at *6 (finding that the Eastern District of Virginia had a stronger interest in the case where the plaintiff was a Virginia resident, most of the operative facts occurred in the EDVA, and where one of the claims was asserted under the Virginia Human Rights Act). Finally, with respect to familiarity with the law, "[f]ederal district courts are regularly called upon to interpret the laws of jurisdictions outside of the states in which they sit." *Nathan*, 2019 WL 3216613, at *7. Accordingly, the Court finds this factor to be neutral.

Therefore, after careful consideration of all these factors, the Court concludes that transfer to the District of Delaware is appropriate under Section 1404(a).

An appropriate order follows.